IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, | **No. C-11-03335 JSC** |
|     Plaintiff, | **ORDER REQUESTING FURTHER DECLARATION** |
| v. | |
| DOES 1-96, | |
|     Defendants. | |

On July 7, 2011, AF Holdings LLC ("Plaintiff") filed a Complaint against ninety-six unnamed defendants ("Doe Defendants") alleging copyright infringement and common law civil conspiracy. In an Ex Parte Application, Plaintiff seeks leave to take expedited discovery prior to the required Rule 26(f) conference in order to identify the ninety-six Doe Defendants. Upon consideration of the application, the Court requests the following additional information:

    1. The Complaint states that "each defendant knew, should have known, or had some constructive knowledge that their acts constituted copyright infringement." (Dkt. No. 1, Pg. 7). What facts, specifically related to each Doe Defendant one through ninety-six, support this conclusory assertion? In particular, how might a Doe Defendant distinguish between the non-copyrighted work legitimately available through BitTorrent and Plaintiff's copyrighted work?

    2. Plaintiff's Complaint further alleges that "Doe Defendants' conduct was willful

within the meaning of the Copyright Act . . . Doe Defendants' active participation on BitTorrent swarms relating to Plaintiff's Work make this fact abundantly clear." (Dkt. No. 1, Pg. 8).  Can Plaintiff articulate facts about the different activity levels of each Doe Defendant?  For example, is it possible to differentiate between Doe Defendants who joined the swarm from chat rooms and downloaded the entire file in question versus those who might have stumbled on the file in question, joined the "swarm" only momentarily, and not completed the download of the entire file?

3.  Plaintiff alleges that "Doe Defendants, without authorization, used an online P2P media distribution system to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others." (Dkt. No. 6, Pg. 3).  Does Plaintiff have information, based on the amount of time certain ISP addresses were part of the "swarm" or other indicia, on conduct particular to each Doe Defendant in regard to whether each downloaded the entire file and whether each participated in distributing this work to others in the swarm?  In other words, can Plaintiff's software capture any information other than the mere presence of an ISP address within a swarm?

Plaintiff is hereby ORDERED to submit a declaration and, if desired, supporting memorandum, addressing the foregoing issues by August 12, 2011.

**IT IS SO ORDERED.**

Dated: July 27, 2011

*Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2