Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | **No. C-11-03335 JSC** |
| Plaintiff, | ) | Magistrate Judge: Hon. Jacqueline S. Corley |
| v. | ) | **PLAINTIFF'S RESPONSE TO THE COURT'S REQUEST FOR SUPPLEMENTAL DECLARATION** |
| DOES 1-96, | ) | |
| Defendants. | ) | Hearing Date:   n/a |
| | ) | Time:             n/a |

**PLAINTIFF'S RESPONSE TO THE COURT'S REQUEST FOR SUPPLEMENTAL DECLARATION**

Plaintiff AF Holdings LLC, ("AF Holdings") hereby submits, per the Court's July 27, 2011, Order Requesting Further Declaration (Doc. No. 10), the following Supplemental Declaration of Peter Hansmeier Addressing the Court's July 27, 2011 Order (hereinafter "Supplemental Hansemeier Declaration", attached hereto as Exhibit A).  The Court will note that the Supplemental Hansemier Declaration is timely and sworn as required in the Court's Order.  Should the Court require a hearing on the matter or further briefing, Plaintiff would be more than happy to oblige.

While the Court's Order also allowed for Plaintiff, "if desired," to file supporting memorandum addressing the issues outlined in the Order, Plaintiff believes that such briefing would be duplicative and unnecessary.  Plaintiff feels that the Supplemental Hansmeier Declaration fully covers the factual inquiries of the Court.

Plaintiff would, however, like to remind the Court of the general structure of its case. This case is entirely built upon Plaintiff's conservative motto to only sue individual doe defendants who only exist in the same swarm and upload/download the same exact file amongst each other in the State of California. This is evidenced in Plaintiff's Complaint (See, e.g., Compl. ¶ 5, Plaintiff alleged, ""Plaintiff used *geolocation technology* to trace the IP addresses of each Doe Defendant to a point of origin *within the State of California*. . . . The series of transactions in this case involved the Doe Defendants exchanging pieces of the Work over the Internet amongst one another with each Doe Defendant sharing pieces of Plaintiff's copyrighted file with each other and numerous third parties [otherwise known as "torrent swarming"] to obtain a complete copy of Plaintiff's Work . . . . Doe Defendants in this case, in order to download Plaintiff's Work, intentionally engaged in [] concerted action with other Doe Defendants by entering *the torrent swarm*." (Compl. ¶¶ 3, 5 [emphasis added].) In other words, California-based Doe Defendants observed in this case interacted in a single swarm exchanging bits and pieces of a unique file containing Plaintiff's copyrighted video. (*Id.*)

A swarm can only exist with respect to a single hash value (a hash value is simply a string of characters that uniquely identifies a collection of data, such as a video—not unlike how a social security number can be used to uniquely identify an individual—and videos of different resolutions, for example, would be assigned different hash values). Plaintiff, thus, adequately alleged that the defendants participated in a single swarm, which would naturally be associated with a single set of data. Parenthetically, the nature of the BitTorrent protocol is that small swarms tend to die off while large swarms tend to blossom. The reason for this is that BitTorrent experiences positive "network" externalities (i.e., as a swarm grows the effectiveness of data transfer improves exponentially because there are more sources of pieces of a file, and vice-versa). Thus, it is not unsurprising or implausible, but in fact likely that files, such as the file observed containing Plaintiff's video, were exchanged in a single swarm—as opposed to multiple disparate swarms.

While the Court did not raise "single swarm, single file" questions, Plaintiff does understand that other Courts in this District have. While the Court's in those cases ultimately conclude that Plaintiff's counsel's cases do qualify for joinder because, in fact, all doe defendants did participate in

1 the same swarm and exchanged the same file, there is usually a fair amount of confusion, as well as time spent, getting there. *See, e.g., Hard Drive Productions v. Does 1-53*, C 11-2330 EDL Order Granting Plaintiff Leave to Take Early Discovery (N.D. Cal. August 3, 2011). Plaintiff hopes that this confusion can be avoided in this case by the prior explanations of the innate connectivity of the Doe Defendants in this case who did in fact participate in the same swarm, downloading the same file containing Plaintiff's copyrighted video.

Respectfully Submitted,

STEELE HANSMEIER, PLLC,

**DATED: August 12, 2011**

By:     /s/ Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

3

PLAINTIFF'S RESPONSE TO COURT'S JULY 14, 2011 ORDER REQUESTING SUPPLEMENTAL INFO No. C 11-03335 JSC