Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISON

| | |
|---|---|
| AF HOLDINGS LLC, <br><br> Plaintiff, <br> v. <br><br> DOES 1-96, <br><br> Defendants. | **No. C-11-03335 JSC** <br><br> Judge: Hon. Jacqueline Scott Corley <br><br> **PLAINTIFF'S MOTION TO CERTIFY THE COURT'S SEPTEMBER 27, 2011 ORDER FOR INTERLOCUTORY REVIEW BY THE NINTH CIRCUIT COURT OF APPEALS** <br><br> Hearing Date: November 10, 2011 <br> Time: 9:00 a.m. <br> Judge: Magistrate Jacqueline Scott Corley |

Plaintiff AF Holdings, LLC moves this Court under 28 U.S.C. § 1292(b) to certify its September 27, 2011 Order on Plaintiff's Motion for Expedited Discovery ("Order") for immediate interlocutory review. In particular, Plaintiff asks the Court to certify to the Ninth Circuit Court of Appeals a controlling question of law:

> A Defendant's identity is unknown to the Plaintiff. Instead, the Defendant is associated with an Internet Protocol (IP) address. Internet Service Providers (ISPs) know identity and contact information of the subscriber associated with the IP address over which infringing activity was observed. Is Plaintiff entitled to discovery of the subscriber's contact information by serving ISPs with a subpoena *duces tecum* under Fed. R. Civ. P. 45 where the subscriber's information is necessary, but not always sufficient without further limited discovery, to ascertain the Defendant's identity?

Certification is appropriate because the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal from the

[O]rder may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, Plaintiff moves the Court to amend the Order "to include permission or statement" to certify an interlocutory appeal. Fed. R. App. P. 5(a)(3). Further, Plaintiff moves for an order staying the pending litigation of this case until (1) it is resolved whether an interlocutory appeal by permission will be accepted by the Ninth Circuit Court of Appeals; and (2) if such an appeal is accepted, until the Ninth Circuit Court of Appeals has issued a final decision in the interlocutory appeal.

Also, Plaintiff requests that to the extent the Court believes a hearing on this motion is appropriate, that it schedule such hearing in this matter for a date sooner than November 10, 2011, that is convenient for the Court if available.

## ARGUMENT

There are three statutory criteria for granting a section 1292(b) petition: 1) a controlling question of law; 2) substantial grounds for difference of opinion; and 3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Anti-Trust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

### *1. Controlling Question of Law*

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Id.* Here, Plaintiff's case will literally turn on the resolution of the proposed issue on appeal. Without the discovery requested in Plaintiff's motion, Plaintiff has no means of identifying the Doe Defendant(s) in this action and the action will inevitably be dismissed by the Court under Fed. R. Civ. P. 4(m). With the discovery, Plaintiff will be able to identify the Doe Defendants—either immediately or via a final round of expedited discovery, as circumstances dictate—and proceed with this action.

Although the Court denied Plaintiff's discovery motion without prejudice, the Court also stated that Plaintiff would be required to establish that its requested discovery would be "very likely" to identify the doe defendants. Plaintiff reviewed Ninth Circuit case law and was unable to find any

mention of this legal standard. Instead, binding Ninth Circuit precedent—as cited by this Court—says that the Court should grant Plaintiff's motion "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff will be unable to satisfy the Court's unprecedented "very likely" standard. As Magistrate Judge Grewal may have put it best, "[while] the relationship between accused activity linked to an IP address and subscriber information associated with that IP address is imperfect at best, this imperfection does not make it 'clear,' as our Circuit requires, that the discovery sought would fail in uncovering the identity of individuals responsible for that activity." *Diabolic Video Productions, Inc.*, No. 5:10-cv-05865-PSG, at 5 (quoting *VPR Internationale v. Does 1–1017*, No. 2:11-cv-02068-HAB-DGB, at 2 (C.D. Ill. Apr. 29, 2011), ECF No. 15). If binding Ninth Circuit precedent applies, then this case can move forward. If the Court's unprecedented "very likely" standard applies, however, then this case is over. The first element, therefore, is clearly met.

### 2. Substantial Grounds for Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc*., 611 F.3d 629, 633 (9th Cir. 2010). The "controlling law is unclear" under *Couch*, "where the matter certified for appeal 'involves an issue over which reasonable judges might differ,' and where uncertainty over the certified matters "provides a credible basis for a difference of opinion.'" *In re Google Inc. Street View Electronic Communications Litigation*, No. C 10-MD-02184, 2011 WL 2571632, at *2 (N.D. Cal. June 29, 2011) quoting *Reese v. BP Exploration (Alaska), Inc.* No. 10-35128, 2011 WL 2557238, at *5 (9th Cir. 1966).

This element is easily met. This District has generated a veritable smorgasbord of materially different opinions with respect to identical discovery motions. *MCGIP, LLC v. Does 1-18*, No. 3:11-cv-01495-EMC (N.D. Cal. Apr. 1, 2011) (granting discovery motion with respect to all of the IP addresses listed in plaintiff's complaint); *Hard Drive Productions, Inc. v. Does 1-186*, No. 3:11-cv-03310-JCS (N.D. Cal. July 6, 2011) (granting discovery motion with respect to one IP address,

denying discovery motion with respect to remaining IP addresses and ordering plaintiff to show cause for why the remaining defendants should not be severed from the case); *Hard Drive Productions, Inc. v. Does 1-53*, 3:11-cv-02330-EDL (N.D. Cal. May 13, 2011) (denying discovery application without prejudice to plaintiff making a preliminary showing that the defendants whose identities are sought can be properly joined in one lawsuit); *Millennium TGA, Inc. v. Does 1-21*, 3:11-cv-02258-SC (N.D. Cal. May 6, 2011) (denying without prejudice discovery motion because, *inter alia*, plaintiff's civil conspiracy claim could not withstand a motion to dismiss, but approving later application based on amended complaint); *AF Holdings, LLC v. Does 1-96*, 3:11-cv-03335-JSC (N.D. Cal. Sept. 27, 2011) (denying without prejudice plaintiff's discovery motion to plaintiff making a new motion for discovery that is, in fact, "very likely" to enable plaintiff to identify the doe defendants and requiring plaintiff to show why it should be allowed to discover the identities of unlawful alleged infringers where the retail price of Plaintiff's work is a mere $24.99).

From the sampling of cases cited above, it is clear that the Ninth Circuit's input is required to clarify the law surrounding these emerging issues and to protect prospective plaintiffs from the vagaries of decision-making in the absence of such guidance.

### *3. An Immediate Appeal May Materially Advance the Ultimate Determination of the Case*

Under 28 U.S.C. § 1292(b), certification of a question of law for immediate appeal is desirable if "an immediate appeal from the order may materially advance the ultimate determination of the litigation." *See also, e.g., Katz v. Carte Blanche Corp.*, 496 F.2d 747, 756 (3rd Cir. 1974) (en banc circuit finds that "possibility of considerable avoidable wasted trial time and litigation expense" justifies interlocutory appellate review).

In this case, an interlocutory appeal will "materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b). Indeed, without an appeal this case cannot advance whatsoever. Without the ability to conduct any discovery to identify any Defendant in this case, this case cannot move forward. The Ninth Circuit's ruling will determine whether this case is over. If the Ninth Circuit applies—or remands to this Court with instructions to apply—its binding precedent, then Plaintiff will be allowed to conduct discovery and this case will proceed. If the Ninth Circuit applies

the Court's unprecedented "very likely" standard, then the case will over and Plaintiff—as with every other content producer whose works are being unlawfully distributed *ad nauseum* via the BitTorrent protocol—will be well advised to start looking for a new line of work.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court certify its September 27, 2011 Order for interlocutory review by the Ninth Circuit court of Appeals under 28 U.S.C. § 1292(b). Further, Plaintiff respectfully requests an order from the Court staying the pending litigation of this case until (1) it is resolved whether an interlocutory appeal by permission will be accepted by the Ninth Circuit Court of Appeals; and (2) if such an appeal is accepted, until the Ninth Circuit Court of Appeals has issued a final decision in the interlocutory appeal.

Also, Plaintiff respectfully requests that, to the extent the Court believes a hearing on this motion is appropriate, that it schedule such hearing in this matter for a date sooner than November 10, 2011, that is convenient for the Court if available.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: September 28, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*