IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1-96,<br><br>    Defendants. | No. C-11-03335 JSC<br><br>**ORDER RE MOTION TO CERTIFY ORDER FOR APPEAL (Dkt. No. 15)** |

This case is one of many "mass copyright" cases filed in this District on behalf of various plaintiffs against thousands of doe defendants accused of using BitTorrent technology to illegally download copyrighted files from the internet. By Order filed September 27, 2011, the Court denied without prejudice Plaintiff's motion for expedited discovery. In particular, Plaintiff sought court-issued subpoenas to Internet Service Providers ("ISPs") to uncover the names and addresses of the internet subscribers for the IP addresses Plaintiff alleges were used to download Plaintiff's copyrighted file. The Court denied the motion because Plaintiff had not established that the subscriber information would identify the doe defendants as the motion for expedited discovery alleged.

Plaintiff now asks the Court to certify the Court's September 27 Order for appeal pursuant to 18 U.S.C.§ 1292(b) on the ground that it applied an unprecedented standard for expedited discovery. Plaintiff contends the dispositive question is whether the subpoenas should be issued "where the subscriber's information is necessary, but not always sufficient without further limited discovery, to ascertain the Defendant's identity."

An interlocutory appeal of an order should be permitted when the Court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir.1982), *af'd mem. sub nom.* Arizona v. U.S. Dist. Ct., 459 U.S. 1191(1983). The Court finds that an interlocutory appeal is not warranted here. As the Court noted at oral argument, the record presently before the Court does not support the question urged by Plaintiff. For example, there is nothing in the record that specifies how Plaintiff can ever name a doe defendant based on the subscriber information alone, or, if Plaintiff is able to name a doe defendant with additional investigation, what that additional investigation entails. At oral argument Plaintiff proffered that, with respect to some subscribers, upon being notified by the ISP that the subscriber information has been subpoenaed in a particular court case, the subscriber will actually contact the plaintiff and work out a resolution. Again, such facts are not in the record.

A renewed motion for expedited discovery–which is expressly allowed by the Court's denial of Plaintiff's initial motion without prejudice–should set forth in detail how Plaintiff

intends to determine who can be served with process in this lawsuit consistent with Federal Rule of Civil Procedure 11. See Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 580 (N.D. Cal. 1999) (holding that a motion for discovery to identify doe defendants should demonstrate that the "discovery process will lead to identifying information about a defendant that would make service of process possible"). Such showing should include as exhibits examples of the letters the ISPs send to the subscribers, an example of the letter Plaintiff intends to send to the subscribers, and any other evidence Plaintiff contends supports a finding of good cause for permitting early discovery. See OpenMind Solutions, Inc. v. Does 1-39, 2011 WL 4715200 *2 (N.D. Cal. Oct. 7, 2011) (in deciding whether there is "good cause" for a request for expedited discovery the court must examine the entire record and determine "the reasonableness of the request in light of all the surrounding circumstances") (internal quotation marks and citation omitted)).

In sum, as the Court denied Plaintiff's motion for expedited discovery without prejudice, and as the record presently before the Court does not identify how Plaintiff intends to discover the identities of the doe defendants as opposed to the identities of the subscribers of the relevant IP addresses, the Court finds that an interlocutory appeal is not warranted. Plaintiff's motion to certify the Court's September 27, 2011 Order for appeal is therefore DENIED.

**IT IS SO ORDERED.**

Dated: October 17, 2011

                                                     _Jacqueline S. Corley_
                                                    JACQUELINE SCOTT CORLEY
                                                    UNITED STATES MAGISTRATE JUDGE